# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D18-4772

———————————————

FORD MOTOR CREDIT COMPANY
LLC,

    Appellant,

    v.

THOMAS ARWINE,

    Appellee.

———————————————

On appeal from the Circuit Court for Baker County.
Stanley H. Griffis, III, Judge.

August 14, 2019

PER CURIAM.

Ford Motor Credit Company ("Ford") appeals a Final Judgment for Deficiency, arguing the trial court erred in finding it had failed to prove disposition of the collateral asset was done in a commercially reasonable manner and reducing the deficiency balance. We agree; thus, the order on appeal is reversed.

Disposition of collateral assets must be done in a commercially reasonable manner. § 679.610(2), Fla. Stat. Disposition of collateral is commercially reasonable if it is made in the usual manner in a recognized market, made at the price current in any recognized market at the time of the disposition, or otherwise in conformity with reasonable practices among dealers in the type of

property being disposed. § 679.627(2), Fla. Stat. However, a secured party need not prove disposition of the collateral was done in a commercially reasonable manner unless the debtor places the secured party's compliance in issue. *See* § 679.626(1), Fla. Stat.; *see also S. Developers & Earthmoving, Inc. v. Caterpillar Fin. Servs. Corp.*, 56 So. 3d 56, 60 (Fla. 2d DCA 2011) (holding deficiency balance appropriate where appellant did not prove disposition was commercially reasonable and debtor placed appellant's compliance in issue); *Textron Fin. Corp. v. Lentine Marine Inc.*, 630 F. Supp. 2d 1352, 1358 (S.D. Fla. 2009) (noting the defendants placed in issue the commercial reasonableness of the sell, "which would shift the burden to Plaintiff to prove that its sales were in fact commercially reasonable . . .").

Here, Appellee never placed Ford's compliance with section 679.627(2), Florida Statutes, in issue. In fact, Appellee did not appear at the hearing on the motion. Therefore, the burden of proving the sale of the collateral asset was commercially reasonable never shifted to Ford. As Ford was not required to prove disposition of the collateral was done in a commercially reasonable manner, the trial court erred when it reduced the deficiency amount based on this rational. On remand, the trial court is instructed to grant Ford the full deficiency balance, as well as appropriate prejudgment interest and court costs.

REVERSED and REMANDED.

LEWIS, OSTERHAUS, and M.K. THOMAS, JJ., concur.

––––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––––

Michael J. Ingino of Moody, Jones & Ingino, P.A., Plantation, for Appellant.

Thomas Arvine, pro se, Appellee.